UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| John Richards | | Daniel Heaton |

**Proceedings:**     DEFENDANT GARDEN CITY GROUP, LLC'S MOTION TO DISMISS (Dkt. 13, filed September 22, 2015)

## I. INTRODUCTION

On August 7, 2015, plaintiff Carlos Lazo ("plaintiff") filed the instant complaint in the Santa Barbara County Superior Court against attorney Steven P. Roberts ("Roberts"); Belsher, Becker, Roberts & Connell (the "Belsher Law Firm"); American Airlines, Inc. ("American Airlines"); and the Garden City Group, LLC ("GCG") (collectively, "defendants"). The gravamen of the allegations in the instant complaint is that defendants were negligent in failing to provide plaintiff with certain information in connection with a prior personal injury lawsuit (the "underlying personal injury suit") in which current-defendants Steven Roberts and the Belsher Law Firm represented plaintiff against American Airlines. This Court dismissed with prejudice plaintiff's underlying personal injury suit in an order dated November 18, 2014. See Case No. 2:12-cv-04864-CAS-PJW, Dkt. 17 (Order granting with prejudice American Airlines's motion to dismiss plaintiff's underlying personal injury suit); Dkt. 20 (Judgment Order entering judgment in favor of American Airlines in plaintiff's underlying personal injury suit).[1]

---

[1] On September 11, 2015, defendant American Airlines submitted a request for judicial notice. See Dkt. 10. The Court takes judicial notice of Exhibit A (Plaintiff's May 11, 2012 complaint in the underlying personal injury suit), Exhibit B (This Court's November 17, 2014 order dismissing with prejudice plaintiff's underlying personal injury suit), Exhibit C (Order entering judgment in favor of American Airlines in the underlying personal injury suit), and Exhibit D (October 21, 2013 Bankruptcy Confirmation Order). See Dkts. 10-1, 10-2, 10-3, 10-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

Plaintiff's complaint in the instant suit asserts the following claims: (1) negligence, against defendants Steven P. Roberts and the Belsher Law Firm; (2) negligence, against defendants American Airlines and GCG; and (3) "Negligence - Equitable Estoppel," against defendants American Airlines and GCG.  On September 4, 2015, defendants removed plaintiff's action to federal court.  See Dkt. 1.  In their Notice of Removal, defendants assert that this Court has original jurisdiction pursuant to 28 U.S.C. §1334 because plaintiff's complaint "arises under, arises in, or is related to a bankruptcy case in which the bankruptcy court has retained exclusive jurisdiction," as well as 28 U.S.C. §1331 because plaintiff's claims arise under treaties of the United States.  Dkt. 1, at 2.

On September 11, 2015, defendant American Airlines filed a motion to dismiss plaintiff's complaint.  Dkt. 9.  On September 22, 2015, defendant GCG filed a separate motion to dismiss plaintiff's complaint.  Dkt. 13.  Plaintiff did not file an opposition to defendants' respective motions to dismiss; accordingly, both motions remain unopposed.

On October 21, 2015, plaintiff and defendant American Airlines, through their respective counsel of record, filed a joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1) to dismiss this action with prejudice as to defendant American Airlines.  Dkt. 15.  On October 22, 2015, defendant American Airlines was accordingly dismissed from this action with prejudice.  Dkt. 16.  Having considered GCG's motion to dismiss, the Court finds and concludes as follows.

## II.    BACKGROUND

In his now-dismissed underlying personal injury suit, plaintiff had alleged that he was injured by an American Airlines flight attendant while aboard an American Airlines flight on March 16, 2010.  Dkt. 10-4 (November 18, 2014 Dismissal Order), at 2-3.  Although the alleged injury occurred in March 2010, plaintiff did not file his underlying personal injury suit in federal court until May 11, 2012, more than two years after the alleged incident.  Id. at 6.  Accordingly, this Court dismissed plaintiff's underlying personal injury suit as untimely under the applicable two-year statute of limitation period imposed by the Montreal Convention, which "has been construed strictly by the Ninth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

Circuit and other courts, does not permit tolling pursuant to state or federal law, and therefore bar[red] plaintiff's untimely claim."[2] Id. at 10.

In the instant suit (from which defendant American Airlines has been dismissed), plaintiff's remaining claims are for (1) negligence against defendants Roberts and the Belsher Law Firm for their alleged failure to properly represent and advise plaintiff on issues of international law and bankruptcy in connection with the underlying personal injury suit; and (2) negligence and "equitable estoppel" against GCG for alleged misrepresentations that GCG made in its role as the claim administrator for American Airlines's Chapter 11 bankruptcy proceedings, which were commenced on or about November 29, 2011 in the United States District Court for the Southern District of New York. Compl. ¶ 15.

As is relevant to GCG's motion to dismiss, plaintiff alleges that on or about January 27, 2012, he filed a claim for $600,000 with the bankruptcy court in connection with American Airline's Chapter 11 proceedings. Id. ¶ 15. Plaintiff further alleges that in the months following his lodging of the claim with the bankruptcy court, he had numerous correspondences with representatives from American Airlines and GCG in which they "reiterated" and "advised" that "he would not need to file a separate civil action for his injuries in federal court because he was, and would continue to be, 'protected' and/or 'covered' by the filing of this bankruptcy claim in [the bankruptcy proceeding]." Id. ¶ 16; see also id. ¶¶ 16-19 (describing GCG's communications and plaintiff's reliance thereupon). Accordingly, plaintiff's claims in the instant suit for "negligence" and "equitable estoppel" arise from GCG's alleged misrepresentations regarding the need for plaintiff to file his underlying personal injury claim in federal court.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence

---

[2] See Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734.

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

#### A. Defendant Garden City Group's Motion to Dismiss

##### 1. Local Rule 7-12 Regarding Unopposed Motions

As an initial matter, the Court notes that plaintiff, who is represented by counsel, has not opposed defendant GCG's motion to dismiss. Under Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7–12. Accordingly, pursuant to Local Rule 7-12, defendant GCG's motion to dismiss may be granted. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); Holt v. I.R.S., 231 Fed. App'x. 557, at *1 (9th Cir. 2007) (same; and rejecting a *pro se* litigant's contention that the district court should have warned her of the consequences of failing to file an opposition).

##### 2. Exculpation Pursuant to the United States Bankruptcy Court's October 21, 2013 Confirmation Order

GCG offers various arguments in support of its contention that the instant case must be dismissed. Among these arguments is GCG's assertions that (1) plaintiff's complaint "arises out of and is related to matters concerning the bankruptcy action filed by American Airlines on November 29, 2011 in the United States District Court for the Southern District of New York, entitled *In Re: AMR Corporation, et al.* (Case Number 11-15463)," and that (2) GCG is "expressly exculpated by name for the present claims under the Bankruptcy Court's Confirmation Order." Motion at 2. In advancing its argument, GCG relies upon the following language in the bankruptcy court's October 21, 2013 Confirmation Order:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

> 54. <u>Exculpation</u> . . . [T]o the maximum extent permitted by applicable law, neither the Debtors, . . . *The Garden City Group, Inc.* (including as claims and noticing agent, administrative agent, and as a Disbursing Agent) . . . nor any of their respective members . . . officers, directors, employees, counsel, advisors, professionals, or agents shall have or incur any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of the Chapter 11 Cases; negotiations regarding or concerning the Plan . . . except for actions found by Final Order to be willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), and *ultra vires* acts.

Dkt. 10-4, at 64-65, ¶ 54 (emphasis added). In light of this provision in the Confirmation Order, GCG argues that it is exculpated from liability for any alleged negligent conduct arising out of the Chapter 11 proceedings.

"The trend among bankruptcy courts . . . has been to confirm chapter 11 plans with express discharge or indemnification provisions for nondebtors if they meet certain tailored criteria or overall necessity." <u>In re Birting Fisheries, Inc.</u>, 300 B.R. 489, 504 n.16 (B.A.P. 9th Cir. 2003) (citing <u>In re WCI Cable, Inc.</u>, 282 B.R. 457, 467-80 (Bankr. D. Or. 2002)). Although "in general[] decisions in the Ninth Circuit appear not to favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties," <u>In re WCI Cable</u>, 282 B.R. at 479, in light of plaintiff's non-opposition to defendant's motion to dismiss, and the fact that numerous courts have upheld comparable exculpation provisions, the Court finds it appropriate to dismiss without prejudice in the instant case. See <u>In re PWS Holding Corp.</u>, 228 F.3d 224, 245 (3d Cir. 2000) (upholding exculpation clause limiting liability of the debtors, the reorganized debtors, the creditors committee and their respective officers, directors, employees, and agents, among others, to liability arising with respect to the subject chapter 11 cases as a result of *willful misconduct or gross negligence*); <u>In re Halpern</u>, 248 B.R. 43 (Bankr. S.D.N.Y. 2000) (approving an investment advisor contract that provided for indemnification of the investment advisor *for its own acts of negligence*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:15-cv-07037 CAS (PJWx) | Date | October 26, 2015 |
|---|---|---|---|
| Title | CARLOS LAZO v. STEVEN P. ROBERTS, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, plaintiff's complaint is **DISMISSED**, as to defendant Garden City Group, without prejudice. Plaintiff shall have until **Monday, November 23, 2015** to file an amended complaint. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CL |  |