UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   PLAINTIFF'S MOTION TO REMAND (Dkt. 25, filed January 14, 2015)

## I.   INTRODUCTION

On August 7, 2015, plaintiff Carlos Lazo ("plaintiff") filed the instant complaint in the Santa Barbara County Superior Court against attorney Steven P. Roberts ("Roberts"); the law firm of Belsher, Becker, Roberts & Connell (the "Belsher Law Firm"); American Airlines, Inc. ("American Airlines" or "American"); and the Garden City Group, LLC ("GCG") (collectively, "defendants"). Plaintiff asserts claims for (1) negligence, against defendants Steven P. Roberts and the Belsher Law Firm for their representation of plaintiff in a related lawsuit; as well as (2) negligence and (3) "Negligence - Equitable Estoppel" against defendants American Airlines and GCG for their alleged actions in administering a personal injury claim plaintiff submitted in connection with American's Chapter 11 bankruptcy proceedings in the Southern District of New York.

On September 3, 2015, defendants Roberts and the Belsher Law Firm filed an answer to the complaint in the Santa Barbara County Superior Court. Dkt. 17. On September 4, 2015, defendant American Airlines, with the consent of all named defendants, removed this action to federal court. See Dkt. 1. In its Notice of Removal, defendants assert that this Court has original jurisdiction pursuant to 28 U.S.C. §1334 because plaintiff's complaint arises under, arises in, or is related to a bankruptcy case; as well as under 28 U.S.C. §1331, because plaintiff's claims purportedly arise under treaties of the United States. Dkt. 1, at 2.

On September 22, 2015, defendant GCG filed a motion to dismiss the instant suit, arguing, *inter alia*, that (1) plaintiff's complaint arises out of and is related to matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

concerning American's bankruptcy action in the Southern District of New York, and that (2) GCG is expressly exculpated from liability here pursuant to the Bankruptcy Court's 2013 Chapter 11 Confirmation Order. Dkt. 13. On October 26, 2015, the Court granted GCG's unopposed motion, thereby dismissing defendant GCG without prejudice.[1] Dkt. 19. The Court granted plaintiff leave to file an amended complaint by November 23, 2015, further admonishing plaintiff that "[f]ailure to do so may result in dismissal with prejudice." Id. at 7.

To date, plaintiff has not filed an amended complaint in this action. However, on January 14, 2016, plaintiff filed the instant motion to remand this action to the Santa Barbara County Superior Court. Dkt. 25 ("Mot. to Remand"). On February 1, 2016, defendant GCG filed an opposition to plaintiff's motion to remand. Dkt. 27 ("Opp'n"). On February 5, 2016, plaintiff filed a reply. Dkt. 28 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.[2]

## II.     BACKGROUND

### A.     The Allegations in the Complaint

Plaintiff alleges the following facts:

On March 15, 2010, plaintiff departed from Santiago, Chile on an American Airlines flight with a final destination of Los Angeles, California. Compl. ¶ 8. The flight required a stop and change of planes in Miami, Florida. Id. Therefore, on or about March 16, 2010, plaintiff departed Miami for Los Angeles on American Airlines flight

---

[1] On October 21, 2015, plaintiff and defendant American Airlines, through their respective counsel of record, filed a joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1) to dismiss this action with prejudice as to defendant American Airlines. Dkt. 15. On October 22, 2015, defendant American Airlines was accordingly dismissed from this action with prejudice. Dkt. 16.

[2] On February 22, 2016, the Court provided the parties with a tentative order and held oral argument. Counsel for plaintiff and defendants Roberts and the Belsher Law Firm appeared at the hearing and submitted on the tentative order provided prior to oral argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 '**O**' |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | ***Carlos Lazo v. Steven P. Roberts, et al.*** | | |

299.  Id.  Plaintiff avers that at one point during this second flight, he was lying on his side across a row of otherwise unoccupied seats with his feet "visibly, but minimally" protruding into the aisle.  Id.  While traversing the aisle, a female flight attendant collided with plaintiff's feet and ankles.  Id. at ¶ 9.  Plaintiff alleges that this collision caused the hyperextension of his knees "around the back of one of the seats."  Id.  Plaintiff verbally reported this incident to the other flight attendants during the flight.  Id. at ¶ 13.

Three days after the alleged injury, on March 19, 2010, plaintiff spoke with an American Airlines Claims Analyst and set up a personal injury claim with the airline (Claim #AMR10LAX16348).  Id. at ¶ 13.  On April 12, 2010, plaintiff retained attorney-defendant Roberts and the Belsher Law Firm to represent him in connection with his personal injury claim.

On or about November 29, 2011, American Airlines filed for Chapter 11 bankruptcy protection in the United States District Court for the Southern District of New York (the "Bankruptcy Court").  Id. at ¶ 15.  On January 27, 2012, plaintiff mailed his 2010 personal injury claim, as previously filed with American Airlines in March 2010, to the Bankruptcy Court.  Id.  Plaintiff's claim in the amount of $600,000 was assigned claim #794 and was recorded as filed in the bankruptcy action on February 6, 2012.  Id. Defendant GCG was the claims administrator in the bankruptcy action.  Id.

Plaintiff avers that after he learned that his claim was included in American's bankruptcy action, plaintiff began speaking with representatives of both American and GCG.  Id.  According to plaintiff,

> [d]uring these telephone conferences, both American and GCG . . . repeatedly represented to and advised Plaintiff that: 1) they knew he was not represented by an attorney; and 2) he would not need to file a separate civil action for his injuries in federal court because he was, and would continue to be "protected" and/or "covered" by the filing of his bankruptcy claim in American's [bankruptcy action].

Id.  Plaintiff avers that he had similar follow-up discussions in February 2012.  Id. at ¶ 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS - 6'**O**'

| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

On March 12, 2012, plaintiff received a voice message from a GCG Senior Project Manager, whom plaintiff then called shortly thereafter. Id. According to the complaint, plaintiff explained to the GCG representative that he was ready to file an action in the Santa Barbara County Superior Court if necessary and "was concerned about the fact that the 2-year anniversary of his March 16, 2010 injury was only four days away." Id. The GCG Senior Project Manager purportedly told plaintiff that there was no need to file a separate civil action because he had already filed his claim in American's bankruptcy action and was therefore "covered and didn't need to do anything else." Id. at ¶ 17.

Two months later, in or about the week of May 7, 2012, a GCG representative allegedly called plaintiff and advised him, "for the first time," that filing of his claim in American's bankruptcy action might not "cover" or "protect" him and therefore plaintiff should file his civil personal injury claim immediately. Id. at ¶ 19. On May 11, 2012, plaintiff accordingly filed in the Santa Barbara County Superior Court a civil personal injury suit against American Airlines ("the underlying personal injury suit"). Id.

On June 2, 2012, American removed the underlying personal injury suit to federal court, where it was litigated before the undersigned. See Case No. 2:15-cv-06367-CAS-AFM. American removed the action on the basis of federal question jurisdiction–-specifically, on the ground that the suit arises under the Montreal Convention, an international treaty to which the United States is a party.[3] On January 25, 2013, the Court ordered the underlying personal injury suit removed from its active caseload pending the resolution of the bankruptcy proceedings. See id. (Underlying Personal Injury Suit) at ECF No. 8. On September 3, 2014, having received notice that American's Chapter 11 bankruptcy action had been closed, the Court lifted the stay, and American filed a motion to dismiss plaintiff's underlying personal injury suit. Id. at ECF No. 11.

In an order dated November 17, 2014, the Court found plaintiff's claim against American to be barred by the Montreal Convention's two-year statute of limitations. Id. at ECF No. 17 (November 17, 2014 Order). The Court accordingly dismissed plaintiff's

---

[3] The Convention "governs 'all international carriage of persons, baggage or cargo performed by aircraft for reward,' " and "provides the exclusive remedy for international passengers seeking damages against aircraft carriers." Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014) (quoting Montreal Convention art. 1(1)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6 **'O'**

| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
|---|---|---|---|
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

underlying personal injury suit with prejudice, reasoning that the applicable two-year statute of limitations "has been construed strictly by the Ninth Circuit and other courts, does not permit tolling pursuant to state or federal law, and therefore bar[red] plaintiff's untimely claim." November 17, 2014 Order, at 10. Plaintiff did not appeal the Court's entry of final judgment for defendant American Airlines.

In the instant suit, plaintiff asserts claims (1) for "negligence" against attorney-defendant Roberts and the Belsher Law Firm for their "failure to properly represent and advise Plaintiff" in the underlying personal injury suit, Compl. at ¶ 28, and (2) for "negligence" and "equitable estoppel" against American Airlines and claims administrator GCG for their alleged misrepresentations regarding whether plaintiff needed to file a separate civil suit—in addition to filing his claim with the bankruptcy Court—in order to avoid the Montreal Convention's two-year statute of limitations. See id. at ¶¶ 32-43.

### III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, *supra*, § 2:905.2. If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal—remand based on lack of subject-matter jurisdiction, however, may be made at any time before final judgment.

## IV.   DISCUSSION

In the instant motion to remand, plaintiff first argues, without reference to caselaw, that this Court lacked jurisdiction in October 2015 to dismiss defendant GCG from this action. Specifically, plaintiff argues that pursuant to the Chapter 11 Confirmation Order, the Bankruptcy Court retained "exclusive jurisdiction to consider any and all claims against any of the Exculpated Parties [like defendant GCG] involving or relating to the administration of the Chapter 11 Cases." Dkt. 10-4 (October 21, 2013 Confirmation Order), at pp. 64-65, ¶ 54; see Mot. to Remand at 6. For the reasons outlined below, the Court disagrees, and finds it appropriate to dismiss defendant GCG, with prejudice, and remand the remainder of this action to the Santa Barbara County Superior Court.

### A.   The Court Properly Exercised Jurisdiction in Granting GCG's Unopposed Motion to Dismiss

Following this court's order granting GCG's unopposed motion to dismiss, GCG and plaintiff (then appearing *pro se*) filed a joint stipulation with the Southern District of New York Bankruptcy Court. In the joint stipulation, the parties mutually agreed to the Bankruptcy Court's abstention "from hearing this case," and further to plaintiff's "withdraw[al] with prejudice [of] his request to have the case heard in Santa Barbara County Superior Court." Dkt. 22-2, at 4 (U.S. Bankruptcy Court Order, dated December 16, 2015). Plaintiff maintains that before the entry of this joint stipulation wherein the parties agreed to the Bankruptcy Court's abstention, the undersigned court lacked jurisdiction to dismiss defendant GCG from this action. For reasons explained below, the Court disagrees.

"Federal district courts have exclusive jurisdiction over all cases under Title 11 of the United States Code, and concurrent jurisdiction over all civil proceedings *arising under* Title 11, or *arising in or related to* cases under Title 11." In re Harris Pine Mills, 44 F.3d 1431, 1434-35 (9th Cir. 1995) (emphasis added) (citing 28 U.S.C. § 1334(a),(b)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

The "related to" jurisdiction of federal courts over bankruptcy actions is very broad, "including nearly every matter directly or indirectly related to the bankruptcy." In re Sesson, 424 F.3d 864, 868 (9th Cir. 2005) (internal quotation omitted). Specifically, a case is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Pegasus Gold Corp., 394 F.3d 1189, 1193 (9th Cir. 2005) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action.") (citation omitted). "The proceeding need not necessarily be against the debtor or against the debtor's property." Id. Accordingly, following defendants' removal of this action, this Court retained jurisdiction over the instant dispute, wherein plaintiff asserts state law tort claims against (debtor) American Airlines and (non-debtor and claims administrator) GCG arising from the handling of plaintiff's personal injury claim submitted in connection with American's Chapter 11 bankruptcy proceedings.

Because this Court retained jurisdiction by virtue of 28 U.S.C. sections 1334 and § 1452, and because the Court is unaware of authority requiring that disputes "related to" Chapter 11 proceedings be heard in the district wherein the underlying bankruptcy proceeding is pending, the Court concludes that it properly exercised jurisdiction over this action when it dismissed GCG without prejudice.[4]

---

[4] The Court notes, however, that under 28 U.S.C. § 1412, a district court "*may* transfer a case or proceeding under Title 11 to a district court for another district in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added); see, e.g., Mendoza v. Gen. Motors, LLC, No. CV 10-2683 AHM VBKX, 2010 WL 5224136, at *5 (C.D. Cal. Dec. 15, 2010) (transferring action, pursuant to 28 U.S.C. § 1412, from the Central District of California to the Southern District of New York for referral to the bankruptcy court). District courts considering transfer of a case under Title 11 to another district where the bankruptcy proceeding is already pending do not transfer as a matter of course; rather, courts consider various factors, including whether the transfer would be in the interests of justice. See, e.g. Mendoza, 2010 WL 5224136 *4-5 (considering the pendency of debtor's bankruptcy in another district as one factor among many when considering whether to transfer); Shatzki v. Abrams, No. 09-2046 2010 WL 148183 (Jan 12, 2010 E.D. Cal.) (same). However, this Court did not exercise its discretion under section 1412 to transfer the matter to the Souther District of New York for reference to its bankruptcy court, choosing instead to exercise jurisdiction and thereby

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6 **'O'**

| | | | |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

In a single paragraph and without citation to caselaw, plaintiff resists this conclusion. Specifically, plaintiff contends that this Court lacked jurisdiction to dismiss defendant GCG due to language in the Bankruptcy Court's Confirmation Order stating that "[it] shall retain exclusive jurisdiction to consider any and all claims against any of the Exculpated Parties [like GCG] involving or relating to the administration of the Chapter 11 Cases . . . ."[5] Dkt. 10-4 (October 21, 2013 Confirmation Order), at pp. 64-65, ¶ 54.

Despite the Confirmation Order's jurisdiction-retention clause, a "bankruptcy court cannot, through confirmation of a reorganization plan, expand its own jurisdiction." U.S. v. Bond, 762 F.3d 255, 261 (2d Cir. 2014) (Although the plan in question stipulated that the bankruptcy court can "hear and determine matters concerning . . . federal taxes in

---

grant GCG's unopposed motion to dismiss.

[5] The relevant language reads, in full, as follows:

> Following entry of this Confirmation Order, the Bankruptcy Court shall retain exclusive jurisdiction to consider any and all claims against any of the Exculpated Parties involving or relating to the administration of the Chapter 11 Cases, any rulings, order, or decisions in the Chapter 11 Cases or any aspects of the Debtors' Chapter 11 Cases, including the decision to commence the Chapter 11 cases, the development and implementation of the Plan and the Merger Agreement, the decisions and actions taken during the Chapter 11 Cases, and any asserted claims based upon or related to prepetition obligations or equity interests administered in the Chapter 11 Cases, for the purposes of determining whether such claims belong to the Debtors' estates or third parties. In the event it is determined that any such claims belong to the Debtors' estates or third parties, then, subject to any applicable subject matter jurisdiction limitations, the Court shall have exclusive jurisdiction with respect to any such litigation, subject to any determination by the Court to abstain and consider whether such litigation should more appropriately proceed in another forum.

Dkt. 10-4 (October 21, 2013 Confirmation Order), at pp. 64-65, ¶ 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES - GENERAL** | | | JS - 6 **'O'** |
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

accordance with [a particular section of the Bankruptcy Code]," that Plan provision "does not expand jurisdiction beyond the statutory grant"); see also New Horizon of NY LLC v. Jacobs, 213 F.3d 143, 155 (4th Cir. 2000) ("The plan cannot confer jurisdiction upon a bankruptcy court . . . rather 28 U.S.C. § 1334 governs jurisdiction"); In re Houlik, 481 B.R. 661 n.72 (B.A.P. 10th Cir. 2012) ("[R]etention of jurisdiction provisions in a plan cannot broaden a bankruptcy court's jurisdiction"); In re Resorts Inter., Inc., 372 F.3d 154, 161 (3d Cir. 2004) ("[N]either the bankruptcy court nor the parties can write their own jurisdictional ticket"). Plaintiff cites no authority for the proposition that the Bankruptcy Court's jurisdiction-retention clause providing for its "exclusive jurisdiction" deprived this Court of jurisdiction; indeed, there is ample authority supporting the opposite conclusion. See, e.g., In re Burlington Motor Holdings, Inc., No. 99-1557 2002 WL 73490 *1 (D. Del. Jan. 18, 2002) (retention-of-jurisdiction provision in a bankruptcy plan can neither confer nor deprive a bankruptcy court of jurisdiction); Zerand–Bernal Group, Inc. v. Cox, 23 F.3d 159, 164 (7th Cir. 1994) (bankruptcy court lacked jurisdiction post-confirmation to adjudicate adversary proceeding concerning asset purchases at bankruptcy sale, notwithstanding plan provision purporting to retain such jurisdiction); U.S. Commodity Futures Trading Com'n v. NRG Energy, Inc., 457 F.3d 776, 780 (8th Cir. 2006) (holding that because "bankruptcy courts are unable to expand their own jurisdiction by order," an exclusive jurisdiction provision is invalid to the extent that it grants the bankruptcy court exclusivity where it otherwise would not have it). Accordingly, the Court cannot conclude that it lacked jurisdiction to grant GCG's unopposed October 2015 motion to dismiss.

**B.    Plaintiff's Failure to File a First Amended Complaint Provides Independent Grounds for GCG's Dismissal with Prejudice**

In granting GCG's unopposed motion to dismiss without prejudice, the Court granted plaintiff leave to file an amended complaint by November 23, 2015, further admonishing plaintiff that "[f]ailure to do so may result in dismissal with prejudice." Dkt. 19 at 7. Having determined that the Court properly exercised jurisdiction in granting plaintiff's unopposed motion to dismiss, plaintiff's failure to file an amended complaint—now two months past the Court's deadline for doing so—constitutes sufficient grounds for dismissal with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (noting that under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court," and that the Ninth Circuit reviews for abuse of discretion "a district court's dismissal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 'O' |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner").

    **C.    In Exercising Jurisdiction over this Action, the Court Properly Dismissed GCG as an Exculpated Party, Pursuant to the Bankruptcy Court's October 21, 2013 Chapter 11 Confirmation Order**

As stated *supra*, plaintiff asserts a negligence claim against GCG based upon its administration of plaintiff's personal injury claim, filed in conjunction with American's bankruptcy action. Plaintiff's complaint alleges that GCG was "under a duty to provide accurate information to Plaintiff and other claim holders," and that GCG breached that duty "when [it] repeatedly advised Plaintiff that he was not [] required to file a separate lawsuit for his personal injuries [in] federal court because the filing of his claim to American's [bankruptcy action] tolled/stopped any time limitations that might apply to his personal injury action in federal court." Compl. ¶ 33. Plaintiff further alleges that he reasonably relied on the GCG's "advice/information" and as a result did not file his complaint against American until after it became time-barred under the Montreal Convention's statute of limitations. Id. at ¶¶ 34-35.

The Court notes that plaintiff has not substantively disputed the merits of GCG's assertion that, pursuant to the Bankruptcy Court's Confirmation Order, it is exculpated from liability for the alleged conduct here.[6] Furthermore, as stated *supra*, plaintiff's

---

[6] In the instant motion to remand, plaintiff does however contend that GCG effectively waived any right to exculpation by stipulating to the Bankruptcy Court's abstention from hearing the instant dispute. Specifically, plaintiff asserts that GCG "failed to assert its right to have the [Bankruptcy Court] consider whether GCG should be determined to be an exculpated party," and that accordingly GCG has waived any such right. Mot. to Remand at 8. However, a review of the "Stipulation and Agreed Order Regarding Abstention from the Bankruptcy Court" does not support any such conclusion. The stipulation simply indicates that plaintiff had requested that the Bankruptcy Court abstain from the instant dispute, and GCG agreed, based in part upon this Court's prior dismissal without prejudice. See Dkt. 22-2 (U.S. Bankruptcy Court Order, dated December 16, 2015), at ¶¶ J-K. Indeed, the stipulated order expressly acknowledges that the undersigned had already dismissed without prejudice plaintiff's claim against GCG.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

failure to file an amended complaint provides independent grounds for dismissal with prejudice. Nonetheless, in the discussion below, the Court again concludes that defendant GCG is indeed exculpated for its alleged actions in administering American's Chapter 11 claims.

GCG argued in its previous motion to dismiss that it is exculpated pursuant to the following language in the Bankruptcy Court's October 21, 2013 Chapter 11 Confirmation Order:

> 54. Exculpation . . . [T]o the maximum extent permitted by applicable law, neither the Debtors, . . . *The Garden City Group, Inc.* (including as claims and noticing agent, administrative agent, and as a Disbursing Agent) . . . nor any of their respective members . . . officers, directors, employees, counsel, advisors, professionals, or agents shall have or incur any liability to **any holder of a Claim or Equity Interest** for any **act or omission in connection with, related to, or arising out of the Chapter 11 Cases**; negotiations regarding or concerning the Plan . . . except for actions found by Final Order to be willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), and *ultra vires* acts.

Dkt. 10-4, pp. 64-65, at ¶ 54 (emphasis added).

As the Court stated in its order granting GCG's unopposed motion to dismiss without prejudice, "decisions in the Ninth Circuit appear not to favor exculpation or indemnification provisions that limit liability for negligence or breaches of fiduciary duties." In re WCI Cable, Inc., 282 B.R. 457, 479 (Bankr. D. Or. 2002). Increasingly, however, "[t]he trend among bankruptcy courts [more generally] . . . has been to confirm

---

See id. at ¶ E. In short, it is clear that GCG was not waiving any right to its exculpation, but was instead eager to allow this Court's granting of GCG's unopposed motion to dismiss to stand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | ***Carlos Lazo v. Steven P. Roberts, et al.*** | | |

chapter 11 plans with express discharge or indemnification provisions for nondebtors if they meet certain tailored criteria or overall necessity." In re Birting Fisheries, Inc., 300 B.R. 489, 504 n.16 (B.A.P. 9th Cir. 2003) (citation omitted). This overall trend is evident in the Ninth Circuit. In WCI Cable, for example, the bankruptcy court approved two release provisions in a joint plan of reorganization that included an exculpation clause for the creditors' committee members and their agents "for any of their actions or omissions to act with respect to the . . . bankruptcy proceedings, except for willful misconduct or ultra vires acts." 282 B.R. at 476. The court indicated that it was prepared to approve the group exculpation clause, "*but only* if the exculpation exceptions are extended to cover negligence and breaches of fiduciary duty as well as gross negligence and willful misconduct." Id. at 479-80 (emphasis in original).

In In re W. Asbestos Co., a bankruptcy court in the Northern District of California went a step further, holding that "the release provisions [in the plan] may include all of the Plan Proponents and their agents, including their professionals, *and may apply to pre-petition* as well as post-petition acts." 313 B.R. 832, 847 (Bankr. N.D. Cal. 2003) (emphasis added). More recently, in In re Yellowstone Mountain Club, LLC, a bankruptcy court in the District of Montana again affirmed the approval of a plan's exculpatory clauses and releases in favor of third-parties. 460 B.R. 254 (Bankr. D. Mont. 2011), aff'd sub nom. Sumpter v. Yellowstone Mountain Club, LLC, 584 F. App'x 676 (9th Cir. 2014). The court explained that the plan was "not a broad sweeping provision that seeks to discharge or release nondebtors from any and all claims that belong to others." Id. at 270. Rather, it had a temporal limitation—it captured "the time period from the filing of the petition generally until the . . . confirmation of the plan"—and was "also narrow in scope." Id. at 270-71 (with the relevant language providing that "none of the exculpated parties shall have or incur any liability to any person for any act or omission in connection with, relating to, or arising out of the Chapter 11 cases"). Accordingly, the court "agree[d] . . . [that the exculpation provision] only protects those acts that occurred in connection with the Debtors' Chapter 11 cases between November 10, 2008, and July 17, 2009," such that "[a]cts falling outside the foregoing dates are not protected." Id. at 271.

Finally, in a recent bankruptcy appeal, a district court in the Ninth Circuit approved of a confirmation order clause exculpating third party nondebtors "for any act or omission in connection with, relating to, or arising out of the Chapter 11 Case, the Disclosure Statement, or any contract, instrument, release, or other agreement or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS - 6 **'O'**

| | | | |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | ***Carlos Lazo v. Steven P. Roberts, et al.*** | | |

document entered into during the Chapter 11 Case or otherwise created in connection with this Plan." In re S. Edge LLC, 478 B.R. 403, 414 (D. Nev. 2012). Crucially, the exculpation clause in South Edge—like the exculpation clause in the instant action—provided that no party was released from obligations under the Plan or for "*willful misconduct or gross negligence.*"[7] Id. at 414 (emphasis added). The bankruptcy court entering the Confirmation Order had found that the exculpation clause and other releases in the plan:

> (i) are within the jurisdiction of the Court under 28 U.S.C. § 1334; (ii) are integral elements of the transactions incorporated into the Plan; (iii) confer material benefit on, and are in the best interest of, the Plan Proponents, Debtor, the Estate, and Holders of Claims against the Debtor, and are important to the overall objectives of the Plan; (iv) are consistent with sections 105, 534, 1123, and 1141 and other applicable provisions of the Bankruptcy Code; (v) are in exchange for valuable

---

[7] The relevant exculpation provision provided, in full, as follows:

> None of (a) the Debtor, the Reorganized Debtor, or the Estate Representative, (b) the Agent, (c) the Consenting Prepetition Lenders, (d) the Settling Builders, (e) the TIP Loan Lenders, (f) the Trustee, and (g) with respect to each of the foregoing Entities, their respective directors, officers, employees, agents, representatives, shareholders, partners, members, affiliates, attorneys, investment bankers, restructuring consultants, and financial advisors in their capacities as such (collectively, the "Exculpated Parties"), shall have or incur any liability to any Entity for any act or omission in connection with, relating to, or arising out of the Chapter 11 Case, the Disclosure Statement, or any contract, instrument, release, or other agreement or document entered into during the Chapter 11 Case or otherwise created in connection with this Plan; provided, however, that nothing in this Section 8.10 shall be construed to release or exculpate any Exculpated Party from (i) its obligations set forth in this Plan, or (ii) willful misconduct or gross negligence as determined by a Final Order.

S. Edge, 478 B.R. at 416.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 **'O'** |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | ***Carlos Lazo v. Steven P. Roberts, et al.*** | | |

consideration; and (vi) were properly noticed to Holders of Claims and Equity Interests.

Id. at 409.

On appeal, the appellant argued that "the bankruptcy court lacked the power to confirm a plan that purports to release a nondebtor third party from liability over the objection of another interested nondebtor third party." Id. at 414. The district court disagreed, finding that the exculpation clause "does not violate the Ninth Circuit's prohibition on nonconsensual third party releases through plan confirmation" because the provision simply "sets a standard of care to be applied in the bankruptcy proceeding—a matter which lies within the bankruptcy court's exclusive jurisdiction—and reiterates federal preemption principles." Id. at 415-16; see also id. at 415 (noting that "[u]nder federal preemption principles, the Bankruptcy Code 'completely preempts state law tort causes of action for damages predicated upon the filing of an involuntary bankruptcy petition.' ") (citing In re Miles, 430 F.3d 1083, 1086, 1089-91 (9th Cir. 2005)).

Thus, much like the exculpation clause in South Edge, the exculpation clause in the instant action shields GCG from "liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of the Chapter 11 Cases," except for "willful misconduct, gross negligence, fraud, malpractice, criminal conduct, unauthorized use of confidential information that causes damages, breach of fiduciary duty (to the extent applicable), and ultra vires acts." Dkt. 10-4, pp. 64-65, at ¶ 54. Notably, there is no exception in the exculpation clause for negligence, the claim plaintiff asserts in the instant action against defendant GCG. Thus, as in South Edge, the exculpation clause here "merely sets the standard of care in [the] bankruptcy proceeding which would preempt the assertion of any state law claims which seek to impose a different standard of care"—e.g., a negligence standard. See In re S. Edge LLC, 478 B.R. at 415. Accordingly, as with the Court's prior order granting GCG's unopposed motion to dismiss, the Court concludes that GCG is appropriately dismissed from this action.

> **D.** **The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Negligence Claim Against Defendant-Attorney Roberts and the Belsher Law Firm**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 '**O**' |
|---|---|---|---|
| Case No. | CV15-7037-CAS(PJWx) | Date | February 22, 2016 |
| Title | *Carlos Lazo v. Steven P. Roberts, et al.* | | |

Plaintiff's remaining claim is for negligence and is asserted against attorney Roberts and the Belsher Law Firm for their prosecution of the underlying personal injury suit. In light of the Court's dismissal with prejudice of defendants GCG and American Airlines, the Court declines to exercise supplemental jurisdiction over the remaining state law claim against Roberts and the Belsher Law Firm, who, like plaintiff, are citizens of the state of California. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction" over state law claims where the court "has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

## V.    CONCLUSION

In accordance with the foregoing, and in light of plaintiff's (1) failure to oppose Garden City Group's previous unopposed motion to dismiss, (2) failure to file (timely or otherwise) an amended complaint following this Court's grant without prejudice of defendant Garden City Group's unopposed motion to dismiss, and (3) failure substantively to contest the applicability of the Bankruptcy Court's exculpation clause in the instant suit, the Court **DISMISSES** defendant Garden City Group from this action **WITH PREJUDICE**.

Because plaintiff's claims against now-dismissed parties Garden City Group and American Airlines constitute the exclusive basis for this Court's exercise of subject matter jurisdiction over this action, the Court declines to exercise supplemental jurisdiction over the remaining negligence claim against defendants Roberts and the Belsher Law Firm, and hereby **REMANDS** the remainder of this action to the Santa Barbara County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CL |